# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON,<br><br>            Plaintiff,<br><br>   v.<br><br>O'NEILL, et al.,<br><br>            Defendants. | **Case No.  1:15-cv-00446-LJO-JLT (PC)**<br><br>**ORDER DISMISSING ACTION, WITH PREJUDICE, AS FRIVOLOUS**<br><br>**(Doc. 1)**<br><br>**ORDER THAT THIS DISMISSAL COUNT AS A STRIKE PURUSUANT TO 28 U.S.C. § 1915(g)** |

     Plaintiff, Adrian Moon, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983 which he filed on March 18, 2015.  The first sentence of Plaintiff's Complaint states, "[t]his is a refiling of closed case *Adrian Moon v. Kim Holland, et al.,* 1:14-cv-01704-LJO-JLT, U.S. E.D. Ct. as a new filing to which the *Moon v. Holland, et al.* case was deliberately closed by Defendants O'Neill/Thurston."  (Doc. 1, p. 1.)

     The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  A claim is "frivolous" when it is without "basis in law or fact," and "malicious" when it is "filed with the intention or desire to harm another."  *Andrews v. King*, 398

1  F.3d 1113, 1121 (9th Cir.2005).

2        Plaintiff titled his initial pleading as a Complaint under the Civil Rights Act 42 U.S.C. §
1983.  However, while Plaintiff makes a few general conclusory statements regarding being
confined in California Correctional Institute's Maximum Isolation Facility, the obvious and
overwhelming thrust of this filing is for *Moon v. Holland* ("the Prior Action") to be reopened and
for the undersigned and Magistrate Judge Thurston to recuse ourselves.

      To that end, Plaintiff alleges that the judges he has named as Defendants in this action are
members of "C.C.B. Inc." which he alleges is an organized crime syndication whose "members
are placed in strategic state and federal positions as employees, causing mayhem, accept bribes,
lie, cheat, steal, commit murder, kidnappings, racketeering, criminal acts and a myriad of acts of
public corruption."  (Doc. 1, p. 2.)  Plaintiff then alleges that the undersigned and Magistrate
Judge Thurston "failed to recuse themselves, then, went on to issue a 'green light' hit contract on
Plaintiff Moon on January 14, 2015 . . . ."  (Doc. 1, p. 9.)  In support of this, Plaintiff refers to a
motion attached to the Complaint from his Prior Action*,* which seeks to reinstate/reopen that case
and recuse the undersigned and Magistrate Judge Thurston from it.  (Doc. 9, pp. 12-21.)

      Judgment was entered in Plaintiff's Prior Action on February 25, 2015.  Plaintiff persisted
in filing multiple motions after judgment was entered such that a minute order issued on March 2,
2015 which disregarded Plaintiff's post judgment motions and ordered that no further filings
would be accepted in the case.  *See Moon v. Holland, et al.,* 14-cv-1704-LJO-JLT (PC), Doc. 30.
Plaintiff signed the motion attachment from his Prior Action on March 5, 2015.  (Doc. 1, at p.
19.)  Thus, the motion that Plaintiff attached to the Complaint in this action was not entered and is
not reflected on the docket of the Prior Action.  However, his reference to and attachment of this
motion, coupled with his allegations noted above, make it clear that Plaintiff filed the Complaint
in this action as a result of and in reaction to the closure of his Prior Action and the return of his
post-judgment motions therein.

      As was repeatedly stated[1] in Plaintiff's Prior Action, where he also made outrageous

---

[1] Judicial notice is taken of  Docs. 13, 20, and 25 in *Moon v. Holland, et al.*, 1:14-cv-1704-LJO-JLT (PC). Fed.Rules Evid.Rule 201, 28 U.S.C.A.; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (2012) (judicial notice may be taken of undisputed matters of public record, including documents on file in federal or state courts).

allegations against various judiciary, such allegations against judicial officers need not be considered as they are fanciful and simply not facially plausible under *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) and they neither circumvent the absolute immunity to which judges are entitled for judicial actions taken within the exercise of their judicial functions, *see Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1871); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986), nor require their recusal, *see Miles v. Ryan*, 697 F.3d 1090 (9th Cir. 2012) quoting *United States v. Holland*, 519 F.3d 909, 913 (9th Cir.2008); *Duckworth v. Department of* Navy, 974 F.2d 1140, 1142 (9th Cir. 1992) quoting *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).

Plaintiff filed the Complaint in this current action explicitly to resurrect his Prior Action and to get the undersigned and Magistrate Judge Thurston recused. A complaint is not the proper vehicle for Plaintiff to challenge adverse judgment in his Prior Action. Plaintiff's recourse for the result in his Prior Action is not with this Court.

In this instance, this action is frivolous as it presents no basis upon which relief may be granted under federal law. Accordingly, this action is HEREBY ORDERED DISMISSED, with prejudice, as frivolous. This dismissal SHALL count as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **March 31, 2015**          /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE